IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NATIONAL WASTEWATER SYSTEMS, INC.,    )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )        Case No. CIV-10-1085-D
                                      )
BURLEY SMITH d/b/a SMITH'S SEPTIC     )
TANKS, and LAWTON SEPTIC TANK &       )
STORM SHELTERS, INC.,                 )
                                      )
                    Defendants.       )

## O R D E R

Before the Court is Defendants' Joint Motion to Dismiss for Lack of Standing Under
Rule 12(b)(1) and for a More Definite Statement Under Rule 12(e) [Doc. No. 12].  Plaintiff has
responded in opposition to the Motion, and Defendants have replied.  Thus, the Motion is at issue.

Plaintiff, a Louisiana corporation, brings suit for patent infringement under 35 U.S.C. § 271,
and asserts pendent claims for breach of contract and misappropriation of confidential information.[1]
Plaintiff alleges that it owns U.S. Patent No. D445,477 for the design of a waste water treatment
tank, and that Defendants have made, used or sold products that infringe the Patent.  Defendants
move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that Plaintiff is not the
patentee under the Patent and there is no evidence that Plaintiff held an assignment or exclusive

---

[1]  For federal subject matter jurisdiction, the Complaint invokes "28 U.S.C. §§ 1331, 1332, 1337,
1338, 1367 . . . for Plaintiff's claims arising under 17 U.S.C. § 101 and 35 U.S.C. § 271."  The reference to
17 U.S.C. § 101, which concerns copyrights, is not otherwise explained.  Similarly, the reference to
jurisdictional statutes regarding diversity of citizenship (§ 1332) and federal laws regulating commerce or
providing antitrust protection (§ 1337) are not developed.  The Complaint contains insufficient factual
allegations to establish diversity jurisdiction, and states no antitrust claim.  Plaintiff does not argue in his brief
any basis for federal jurisdiction apart from his patent claim. Therefore, these references are disregarded.

license of patent rights at the time of suit. Defendants contend that without a written assignment or a written exclusive license, Plaintiff lacks standing to assert a patent infringement claim.

Plaintiff does not disagree with Defendants' legal position but, instead, has responded to the Motion by asserting that it is a proper plaintiff because it holds an exclusive license for the Patent. As evidence, Plaintiff presents a license agreement executed December 13, 2010, which states that it reflects an oral license granted in 2000 on identical terms. Plaintiff has also submitted a separate contract executed in January, 2000, by the patentee, John Pomier, and another individual, Alfred Hayes, who is alleged to be a principal of Plaintiff. While Plaintiff acknowledges the written license was executed after this action was filed, Plaintiff contends the 2000 contract expressly concerned "intellectual property rights associated with" a jointly-developed "waste water treatment system," which included the Patent, even though it was not mentioned. *See* Plaintiff's Resp. [Doc. No. 18] at 2. Plaintiff argues that these two agreements, read together, are sufficient to establish "Plaintiff had proper title to vest him with the right to enforce the 477 Patent" based on "an exclusive license to the 477 Patent in Oklahoma." *See* Pl.'s Resp. Br. [Doc. No. 18], at 2, 3.

**Standard of Decision**

Standing to sue is a threshold jurisdictional issue that may properly be raised by a motion for dismissal under Fed. R. Civ. P. 12(b)(1). *See Wilderness Society v. Kane County*, 632 F.3d 1162, 1168 (10th Cir. 2011); *Colorado Environmental Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). Defendants' Motion raises a factual attack on jurisdiction, that is, Defendants "'go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.'" *E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1303 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). "In addressing a factual attack, the court does not 'presume the truthfulness of the complaint's factual allegations,' but 'has

wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Id*. (quoting *Holt*, 46 F.3d at 1003)). "Whether subject matter jurisdiction is raised under Rule 12(b)(1) or Rule 56, the plaintiff's burden remains the same – plaintiff must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Southway v. Central Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003). In this case, absent any evidence to show that Plaintiff had a cognizable interest in the Patent when the Complaint was filed, the Court finds that Plaintiff has failed to satisfy its burden.

## Analysis

Standing to sue for patent infringement is controlled by federal statutes, which provide a civil remedy to a "patentee," *see* 35 U.S.C. § 281, and define "patentee" to mean "not only the patentee to whom the patent was issued but also the successors in title to the patentee." *See id*. § 100(d). In applying these statutes, a federal district court must be guided by precedents of the Federal Circuit, which has exclusive appellate jurisdiction over patent law cases. *See* 28 U.S.C. § 1295(a)(1); *see also MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 122 (2007).

In *Rite-Hite Corp. v. Kelley Co*., 56 F.3d 1538 (Fed. Cir. 1995) (en banc), the Federal Circuit explained the law in this areas as follows:

> Generally, one seeking money damages for patent infringement must have held legal title to the patent at the time of the infringement. A conveyance of legal title by the patentee can be made only of the entire patent, an undivided part or share of the entire patent, or all rights under the patent in a specified geographical region of the United States. A transfer of any of these is an assignment and vests the assignee with title in the patent, and a right to sue infringers. A transfer of less than one of these three interests is a license, not an assignment of legal title, and it gives the licensee no right to sue for infringement at law in the licensee's own name.

> Under certain circumstances, a licensee may possess sufficient interest in the patent to have standing to sue as a co-plaintiff with the patentee. Such a licensee is

usually an "exclusive licensee." To be an exclusive licensee for standing purposes, a party must have received, not only the right to practice the invention within a given territory, but also the patentee's express or implied promise that others shall be excluded from practicing the invention within that territory as well. If the party has not received an express or implied promise of exclusivity under the patent, i.e., the right to exclude others from making, using, or selling the patented invention, the party has a "bare license," and has received only the patentee's promise that that party will not be sued for infringement.

*Id.* at 1551-52 (citations and footnote omitted). The law of the Federal Circuit is clear that an exclusive licensee with standing to sue must hold a written license, for reasons explained in *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998), as follows:

While we acknowledge that a license may be written, verbal, or implied, if the license is to be considered a virtual assignment to assert standing, it must be in writing. The limited exception we have provided conferring standing on licensees is restricted to virtual assignees. As such, the licensing arrangement conferring such must, logically, resemble an assignment in both form and substance. Under the 35 U.S.C. § 261 (1994), "[a]pplications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing." If we were to expand the exception to include verbal licenses, the exception would swallow the rule. Parties would be free to engage in revisionist history, circumventing the certainty provided by the writing requirement of section 261 by claiming to be patentee by virtue of a verbal licensing arrangement.

. . . [A]s has been aptly stated, nunc pro tunc assignments are not sufficient to confer retroactive standing on the basis that:

As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue. Parties could justify the premature initiation of an action by averring to the court that their standing through assignment is imminent. Permitting non-owners and licensees the right to sue, so long as they eventually obtain the rights they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignment in order to expand their arsenal and the scope of litigation. Inevitably, delay and expense would be the order of the day.

*Enzo*, 134 F.3d at 1093-94 (quoting *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995)). Accordingly, the Federal Circuit expressly held in *Enzo* that a

plaintiff cannot gain standing after filing suit by obtaining a "nunc pro tunc" written assignment or license agreement. *Id*. at 1094. This rule requiring enforceable patent rights to exist on the day a suit is filed has been repeatedly followed and provides binding precedent for this case. *See*, *e.g.*, *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-10 (Fed. Cir. 2003).[2]

Plaintiff concedes it lacked a written, exclusive license of the Patent when it filed the Complaint. Plaintiff relies before December, 2010, on a verbal license – the terms of which are unclear (*see* Defs.' Reply Br. [Doc. No. 20] at 3-4) – and a written agreement signed in 2000. Regardless of terms, the existence of an oral agreement is insufficient to confer standing, according to controlling case law discussed above.[3] The written agreement that pre-dates this action plainly did not convey to Plaintiff an assignment or virtual assignment of the Patent in this geographical region. The "Contract and Agreement" signed in 2000, which appears as Exhibit 2 to Plaintiff's Response [Doc. No. 18-2], was between the patentee and Alfred Hayes individually; it contains no reference to the Patent or the parties' rights with respect to the Patent, and concerns states other than

---

[2] The Federal Circuit has recognized a "narrow exception" that may permit a party to "sue for past infringement transpiring before it acquired legal title if a written assignment expressly grants the party a right to do so." *See Abraxis*, 625 F.3d at 1367. This exception appears to be inapplicable in this case, where Plaintiff does not claim that it has an exclusive license that granted a right to sue for past infringement.

[3] Even if the December, 2010 license could be considered, the Court would question the sufficiency of the "License Agreement" submitted as Exhibit 1 to Plaintiff's Response [Doc. No. 18-1] to confer standing. This License Agreement appears to grant to Plaintiff and Alfred Hayes jointly, as "licensee," an exclusive license "to use, sell, market, promote and/or lease License Products;" and "Licensed Products" is defined "as limited to the Solar Air line of products." *See id.* ¶¶ 1.6 and 2. A field of use or limited license does not convey sufficient rights to permit a licensee to sue in its own name without joining the patentee. *See International Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1279-80 (Fed. Cir. 2007).

Oklahoma.[4]  Accordingly, the Court finds that Plaintiff has failed to demonstrate its standing to bring this patent infringement action at the time of suit.

## Conclusion

For these reasons, this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Standing [Doc. No. 12] is GRANTED.  This action is dismissed for lack of subject matter jurisdiction. Judgment shall be entered accordingly.

IT IS SO ORDERED this 3rd day of May, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] The contract defines the parties' rights to operate in territories identified by an attached map, which appears to cover only the states of Louisiana and Mississippi.